UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-cv-00160-LLK

SHELIA D. EADES                                                                                          PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                      DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and the Commissioner are at Doc. 16 and Doc. 22. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 14].

Plaintiff makes three arguments. [Doc. 22]. Because the arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### The prior and present ALJ decisions

On May 2, 2018, the prior ALJ denied Plaintiff's claim for supplemental security income (SSI) benefits. On July 12, 2018, Plaintiff filed a new application for benefits. On November 18, 2019, the ALJ denied Plaintiff's claim. While it is the present ALJ's decision that is currently before the Court on judicial review, it is necessary to understand both decisions because the ALJ's decision and Plaintiff's arguments reference the prior decision.

The ALJs denied Plaintiff's claims at Step 4 of the 5-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJs found that Plaintiff was not engaged in substantial gainful activity during the relevant time frame. [Administrative Record (AR), Doc. 13 at 17, 78].

1

Second, the prior ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: degenerative disc disease (DDD) of the spine, essential hypertension, affective disorder, anxiety disorder, and personality disorder. *Id.* at 78. The present ALJ added the following severe impairments: degenerative joint disease, headaches, obesity, bipolar disorder, and depression. *Id.* at 17. Third, the ALJs found that Plaintiff's impairments do not satisfy the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 17, 79.

As required in any case that advances beyond Step 3, the ALJs determined Plaintiff's RFC. The prior ALJ found that, physically, Plaintiff can "perform medium work as defined in 20 CFR … 416.967(c). She can frequently climb ladders, ropes, or scaffolds, stoop, kneel, crawl, and crouch." *Id.* at 81. The present ALJ added that Plaintiff can "climb ladders, ropes, and scaffolds occasionally" and should "avoid concentrated exposure to unprotected heights and dangerous machinery." *Id.* at 18.

The prior ALJ found that, mentally, Plaintiff can "perform short, simple instructions, and she can make simple work decisions. She can have occasional and superficial interaction with coworkers and supervisors, but none with the general public." *Id.* at 81. The present ALJ found that Plaintiff:

> … can understand, remember, and carry out simple, routine, repetitive work tasks, meaning tasks that apply common sense understanding to carry out the instructions that are furnished in written, oral, or diagrammatic form. She is able to deal with several concrete variables in these instructions or from standard situations. She is able to interact occasionally with supervisors and coworkers. She should have no contact with the public.

*Id.* at 18.

Fourth, the ALJs found that Plaintiff is not disabled because she is capable of performing past relevant work as a housekeeper/laundry worker. *Id.* at 21-22, 89.

**The ALJ properly applied res judicata.**

First, Plaintiff argues that the ALJ improperly applied res judicata. [Doc. 16 at PageID.609].

In *Drummond v. Comm'r of Soc. Sec.*, 125 F.3d 837 (6th Cir. 1997), the Sixth Circuit held that an ALJ -- guided by principles of res judicata -- is bound by the RFC determined in a prior claim absent new

2

and material evidence indicating a change in the claimant's condition.  In *Earley v. Comm'r*, 893 F.3d 929 (6th Cir. 2018), the Sixth Circuit returned to *Drummond* to address the question of whether res judicata principles apply only when they favor the claimant or also when they favor the government.  *Earley* held that res judicata applies "to individuals **and** the government." *Id.* at 930.  However, res judicata does not "prevent the [Commissioner] from giving a fresh look to a new application containing new evidence … while being mindful of … the record in prior proceedings." *Id.* at 931.  Still, the claimant "should not have a high expectation about success if the second filing mimics the first one." *Id.* at 933.

> In this case, the ALJ applied *Drummond* in the following manner:
>
> From the outset, pursuant to [*Drummond*], the undersigned takes note that a prior [ALJ] decision … was issued on May 2, 2018.  That decision reflected the claimant to have a[n] [RFC] to perform medium work with some mental restrictions.  The prior [RFC] is not substantially undermined by new and material evidence received in connection with the instant claim. … Accordingly, [the prior RFC] is found to be persuasive and accepted at present, and exertional and mental limitations commensurate therewith have been duly incorporated within the above-stated current [RFC] finding.

[AR, Doc. 13 at 19-20].

Therefore, to the extent the ALJ's finding that the "prior [RFC] is not substantially undermined by new and material evidence received in connection with the instant claim" [19] is supported by substantial evidence, the ALJ properly applied res judicata.  For the reasons below, the ALJ identified sound reasons for concluding that the new and material evidence submitted by Plaintiff (in connection with her present application) did **not** substantially undermine the prior RFC.

The ALJ recognized that Plaintiff submitted five items of new and material evidence.  First, Plaintiff submitted a December 26, 2018 completion of the Attending Physician [Physical] Restrictions form by her treating physician, Emily Gupton, D.O. [Doctor of osteopathic medicine]. *Id.* at 21 referencing 572.  The ALJ concluded, however, that Dr. Gupton's findings do not substantially undermine the prior RFC for the following reasons:

> [Dr. Gupton] endorsed an opinion limiting the claimant to less than even sedentary work. … This opinion is neither supported by nor consistent with other substantial evidence of record, including

3

>Dr. Gupton's own treatment notes. For example, Dr. Gupton noted the claimant to appear well upon physical examination on June 26, 2018, and September 12, 2018. ... All things considered, Dr. Gupton's opinion is not persuasive. However, the administrative findings endorsed by the State agency medical consultants, P. Saranga, M.D., [and] Stephen Kavka, M.D., ... are determined to be persuasive, as they are largely commensurate with the last [ALJ] decision.

*Id.* at 21. The ALJ thus identified substantial reasons for discounting Dr. Gupton's findings as undermining the prior RFC. Additionally, the ALJ was not required to put much stock in Dr. Gupton's findings because the Attending Physician Restriction form, which Dr. Gupton completed, was a "check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings." *Ellars v. Comm'r*, 647 F. APp'x 563, 566 (6th Cir. 2016). An ALJ "may properly give little weight" to such findings. *Id.*[1]

Second, Plaintiff testified to limitation due to headaches. "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters v. Comm'r*, 127 F.3d 525, 531 (6th Cir. 1997). Here the ALJ discounted any RFC limitation due to headaches for the following reasons:

>Next, the undersigned observes the claimant to reportedly have ongoing issues with headaches. At the hearing, she testified that she has migraines six or seven times a month, and that they will last for three to four days at a time. However, such a frequency and intensity of headaches cannot reasonably be conclusively verified by the longitudinal treatment record considering that the claimant has not repeatedly presented for urgent care treatment secondary to intractable headache pain or other migraine-related symptoms. The claimant's issues with headaches have even previously been described as not intractable. [322]. A computed tomography (CT) scan of the claimant's head has also revealed the presence of no acute intracranial process. [510].

[AR, Doc. 13 at 20].

Third, the ALJ recognized new evidence of degenerative joint disease in the form of complaints of "problems that may be indicative of degenerative problems in her knees." *Id.* at 19. But the ALJ concluded that the evidence does not substantially undermine the prior RFC because, among other things, **"physical**

---

[1] Admittedly, Dr. Gupton did indicate that Plaintiff has a diagnosis of "congenital spinal stenosis -- further eval[uation] pending." *Id.* at 572. However, "[t]he mere diagnosis of [an impairment] ... says nothing about the severity of the condition." *Lee v. Comm'r*, 529 F. APp'x 706, 713 (6th Cir. 2013). Application of the foregoing principle is particularly apt in this case because Dr. Gupton's the diagnosis is qualified as needing "further eval[uation]."

4

examination findings recorded on January 9, 2019, demonstrated the claimant to have a normal gait and 5 over 5 strength with knee flexion and extension." *Id.* at 19 referencing 464.

Fourth, the ALJ recognized "ongoing issues with obesity" but noted that no treating source had opined that it interfered with Plaintiff's ability to "function or move about." *Id.* at 20.

Fifth, the ALJ recognized evidence of bipolar disorder and depression. *Id.* But the ALJ found that Four Rivers Behavioral Health treatment notes indicate that in May 2018 she had situation depression [338], in May 2019 her mental status was attentive, with no unusual thought content [494], in June 2019 she had not followed up on treatment for 11 months [489], she was given custody of her brother's grandchildren [494], and she takes care of her parents [495]. *Id.* at 20.

Therefore, the ALJ's finding that the "prior [RFC] is not substantially undermined by new and material evidence received in connection with the instant claim" [19] is supported by substantial evidence. It follows that the ALJ properly applied res judicata.

## The ALJ did not err in recognizing severe impairments but not including related limitations in the ALJ's RFC finding.

Second, Plaintiff argues that the ALJ erred in recognizing severe impairments but not including related limitations in the ALJ's RFC finding. [Doc. 16 at PageID.610].

As noted above, the prior ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: degenerative disc disease (DDD) of the spine, essential hypertension, affective disorder, anxiety disorder, and personality disorder. [AR, Doc. 13 at 78]. The present ALJ added the following severe impairments: degenerative joint disease, headaches, obesity, bipolar disorder, and depression. *Id.* at 17. The present ALJ, based on *Drummond*, adopted the prior RFC (with minor adjustments). *Id.* at 80, 82.

Plaintiff argues that, as in *Lutz v. Comm'r*, No. 2:14-CV-725, 2015 WL 5343660 (S.D. Ohio Sept. 15, 2015), the ALJ erred in recognizing severe impairments but not including associated limitations in the ALJ's RFC finding. [Doc. 16 at PageID.610]. The argument is unpersuasive for three reasons. First, there was

no prior decision in *Lutz* that bound the ALJ to the prior RFC absent new and material evidence indicating a deterioration in Lutz's condition. Second, the ALJ in *Lutz* found that Lutz had moderate difficulties in social functioning for Listing purposes but then omitted that limitation in fashioning Lutz's RFC, which *Lutz* held was an improper attempt by the ALJ to "have it both ways." *Lutz* at *9. Nothing analogous to this occurred in the present case. Third, "[a] claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *Griffeth v. Comm'r*, 217 F. APp'x 425, 429 (6th Cir. 2007); *see also Simpson v. Comm'r*, No. 1:13-cv-640, 2014 WL 3845951, at *9 (S.D. Ohio Aug. 5, 2014) (explaining that "an individual can have a severe impairment, i.e., one that more than minimally affects work ability, and still retain the RFC to do a wide variety of work. Put another way, the existence of a severe impairment says nothing as to its limiting effects."); *Wright v. Comm'r*, No. 2:16-cv-297, 2017 WL 4339670, at *2 (S.D. Ohio Sept. 29, 2017) (holding that there was no inconsistency between a finding of severe headaches and no headache-related limitation in the RFC).

**At worst, the ALJ's findings regarding Plaintiff's ability to climb constituted harmless error.**

Third, Plaintiff argues that that the ALJ's findings regarding her ability to climb are "inconsistent" and improper. [Doc. 16 at PageID.605, 609, 611].

As noted above, the ALJ found that Plaintiff can "climb ladders, ropes, and scaffolds occasionally" but should "avoid concentrated exposure to unprotected heights and dangerous machinery." [AR, Doc. 13 at 18]. Plaintiff argues that these findings are "inconsistent." [Doc. 16 at PageID.605, 609]. Assuming for the sake of argument there is inconsistency, it was harmless because the ALJ denied Plaintiff's disability claim based on a finding that she can perform her past relevant work as a housekeeper/laundry worker. There is no evidence that this job requires occasional climbing of ladders, ropes, and scaffolds.

As noted above, the ALJ adopted the prior RFC with minor adjustments. One such adjustment was that, while the prior ALJ found that Plaintiff can "frequently climb ladders, ropes, or scaffolds," the present ALJ added that Plaintiff can "climb ladders, ropes, and scaffolds occasionally." [AR, Doc. 13 at 18,

6

81]. Plaintiff argues that "[t]he current RFC states [Plaintiff] can occasionally climb ladders, ropes and scaffolds. This is arguably **less** *(emphasis added)* restrictive than the previous RFC." [Doc. 16 at PageID.611]. The current RFC is **more** restrictive than the previous RFC.

Therefore, at worst, the ALJ's findings regarding Plaintiff's ability to climb constituted harmless error.

## Order

Because Plaintiff's three arguments are unpersuasive and the ALJ's decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

November 10, 2021

Lanny King, Magistrate Judge
United States District Court